UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-21-KAC-DCP |
| | ) | |
| CLIDETTE DANIEL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Clidette Daniel's Unopposed Motion to Continue All Deadlines and Trial [Doc. 12], filed on May 1, 2024.

Defendant Daniel requests a sixty-day extension of trial and all deadlines. In support of her motion, Defendant asserts that she made her initial appearance and was appointed counsel on April 3, 2024. Defense counsel is in the process of reviewing discovery and requires additional time to engage in potential plea negotiations with the Government. Defendant understands that the period of time between the filing of this motion for a continuance and a rescheduled court date will be fully excludable for speedy trial purposes. Defendant's motion reflects that counsel for the Government does not oppose the requested relief.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would

both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to engage in plea negotiations and prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the June 11, 2024 trial date.

The Court therefore **GRANTS** Defendant Clidette Daniel's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 12**]. The trial of this case is reset to **August 27, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on May 1, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Clidette Daniel's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 12**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 27, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **May 1, 2024**, and the new trial date of **August 27, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **June 7, 2024**, and responses to motions are due on or before **June 17, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 26, 2024**;

(6) the deadline for filing motions *in limine* is **August 9, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **August 12, 2024, at 10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 16, 2024**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

3

Case 3:24-cr-00021-KAC-DCP   Document 13   Filed 05/07/24   Page 3 of 3   PageID #: 26