UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-21-KAC-DCP |
| | ) | |
| CLIDETTE DANIEL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Clidette Daniel's Unopposed Motion to Continue All Deadlines and Trial [Doc. 14], filed on July 17, 2024.

Defendant asks the Court to continue the trial date by thirty days. In support of her motion, Defendant asserts that she made her initial appearance on the indictment and was appointed counsel on April 3, 2024. She reports that her counsel is in good communication with counsel for the Government and anticipates reaching a resolution in this matter but requires additional time to work through the details of a plea agreement. Defendant's motion reflects that she understands that the period of time between the filing of this motion for a continuance and a rescheduled court date will be fully excludable for speedy trial purposes. Finally, she assert that counsel for the Government does not oppose the continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18

U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to engage in plea negotiations and prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the August 27, 2024 trial date.

The Court therefore **GRANTS** Defendant Clidette Daniel's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 14**]. The trial of this case is reset to **October 22, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 17, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Clidette Daniel's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **October 22, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **July 17, 2024**, and the new trial date of **October 22, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 20, 2024**;

(5) the deadline for filing motions *in limine* is **October 7, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **October 8, 2024, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 11, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge